UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edgar Samaniego,<br><br>         Petitioner<br><br>v.<br><br>Bean, *et al*.,<br><br>         Respondents | Case No.: 2:24-cv-01436-JAD-MDC<br><br>**Order Directing Service of Petition** |

In his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, Edgar Samaniego appears to challenge his Clark County, Nevada, conviction of a deadly weapon enhancement on double-jeopardy grounds,[1] and he has paid the filing fee.[2] Having completed a preliminary review of the petition under Habeas Rule 4,[3] I direct the Clerk of Court to docket it[4] and serve it on respondents.

IT IS THEREFORE ORDERED that the Clerk of Court is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition [ECF No. 1-1] on respondents; and

---

[1] ECF No. 1-1.

[2] *See* ECF No. 4.

[3] A district court may "apply any or all of" the Rules Governing Section 2254 Cases in the United States District Court to any habeas petition. *See* Rule 1(b).

[4] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2244(b) (successive petitions).

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that respondents must file a response to the petition within **90 days of service of the petition.  Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.**  Any other motions will be subject to the normal briefing schedule under the local rules.

If respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that, at this time, the parties must send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

_____
U.S. District Judge Jennifer A. Dorsey
November 13, 2024