UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edgar Samaniego,<br><br>      Petitioner<br><br>v.<br><br>Bean, et al.,<br><br>      Respondents | Case No.: 2:24-cv-01436-JAD-MDC<br><br>**Order Granting Motion to Dismiss Petition as Untimely, Denying a Certificate of Appealability, and Closing Case**<br><br>[ECF No. 12] |

Edgar Samaniego brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2022 Nevada state convictions arising from the 2020 shooting of a Las Vegas Metropolitan Police officer.[1] The respondents move to dismiss the petition as untimely, unexhausted, and noncognizable.[2] Because I find that the petition is untimely, I grant the motion to dismiss on that basis and close this case.

**Background**

**A.    The state-court proceedings**

Samaniego pled guilty in the Eighth Judicial District Court for Clark County, Nevada, to attempted murder, battery, three counts of assault—all with a deadly weapon—discharging a weapon where a person might be endangered, and two counts of discharging a firearm from or within a structure.[3] He pleaded guilty to shooting multiple times at police officers during a

---

[1] ECF No. 6.
[2] ECF No. 12.
[3] ECF No. 10-51.

protest on the Las Vegas Strip in 2020, severely injuring one of the officers.[4]  The trial court sentenced Samaniego to an aggregate of 20 to 50 years in prison,[5] and judgment of conviction was entered in May 2022.[6]

      Samaniego did not file a direct appeal from that conviction.  He filed a "motion to correct illegal sentence pursuant to Nev. Rev. Stat. 176.555" on August 15, 2023.[7]  The trial court denied that motion on August 30, 2023,[8] and Samaniego appealed that denial.[9]  But the Nevada Supreme Court dismissed that appeal as untimely in March 2024.[10]

**B.    The federal habeas proceedings**

      Samaniego dispatched his federal habeas petition for filing in August 2024.[11]  He raises three claims:

> Ground 1: The trial court violated Samaniego's Fourteenth Amendment substantive due-process rights by imposing the deadly weapon enhancement in contravention of Nevada's weapon-enhancement statute.
>
> Ground 2: The trial court violated his Fifth and Fourteenth Amendment rights against double jeopardy by imposing the deadly weapon enhancement in contravention of Nevada law.
>
> Ground 3: Prison officials violated his First Amendment right to access to the

---

[4] *See* ECF No. 10-50.
[5] *Id.*
[6] ECF No. 10-51.
[7] ECF No. 10-54.
[8] ECF No. 10-56.
[9] ECF No. 10-57.
[10] ECF No. 10-66.
[11] ECF No. 6.

courts by failing to timely log his notice of appeal, causing his notice of appeal to the Nevada Supreme Court to be untimely.

## Discussion

Respondents move to dismiss Samaniego's petition.[12]  They argue that the petition is time-barred, and that the three grounds are both unexhausted and noncognizable on federal habeas review.  Samaniego opposes the motion.[13]

**A.   The petition is untimely because it was filed 428 days after the statute of limitations expired.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.[14]  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.[15]  If a petitioner does not file a direct appeal of the judgment of conviction with the Nevada Supreme Court or the Nevada Court of Appeals, the one-year period of limitations begins to run 30 days after the entry of the judgment of conviction.[16]  That one-year limitations period can be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[17]  But to trigger tolling, the state motion must be filed

---

[12] ECF No. 12.

[13] ECF No. 13.  A timely reply was also filed.  ECF No. 14.

[14] 28 U.S.C. § 2244(d).

[15] 28 U.S.C. § 2244(d)(1)(A).

[16] *See* Nev. R. App. P. 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149–50, (2012).

[17] 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014).

before AEDPA's limitations period expires because when the state filing is made after the federal habeas period has lapsed, "statutory tolling cannot save [a petitioner's] claim."[18]

Here, Samaniego's 30 days to file a notice of appeal from his May 2, 2022, judgment of conviction expired on June 1, 2022.[19] He did not file a notice of direct appeal to Nevada's appellate courts, so the AEDPA statute-of-limitations 365-day clock started ticking on June 2, 2022. Samaniego did not dispatch his federal habeas petition for filing until about August 3, 2024, which was about 428 days after the statute of limitations expired.

Although the filing of a motion to correct an illegal sentence *can* toll (or extend) the limitations period, Samaniego's didn't. That's because he didn't file his motion to correct illegal sentence until August 15, 2023. By that time (the 439-day mark), Samaniego's AEDPA deadline had already expired, so the filing of his motion could not toll that deadline. Samaniego doesn't address this timeliness problem at all in his response to the motion to dismiss; he argues only that he is entitled to habeas relief because his claims are meritorious.[20] Samaniego's federal petition must be dismissed as untimely.

**B.    Even if the claims were timely, they would be dismissed as unexhausted or not cognizable in federal habeas.**

Even if I weren't dismissing this petition as untimely, dismissal would still be appropriate because his claims are unexhausted. Federal habeas relief cannot be granted unless the petitioner

---

[18] *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (state petition filed a month-and-a-half after limitations period expired did not warrant statutory tolling).

[19] *See* NRAP 4(b)(1)(A); ECF No. 10-51.

[20] ECF No. 13.

4

has first "exhausted the remedies available" in the state appellate court system.[21]  "This exhaustion requirement is . . . grounded in principles of comity" and recognizes that, "in a federal system, the states should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights."[22]  The Supreme Court of Nevada dismissed Samaniego's appeal of the denial of his motion to correct illegal sentence as untimely, and he never filed a direct appeal or a state postconviction habeas petition.  So Samaniego never raised his federal claims to the state appellate court in a procedurally proper manner.[23]  All claims in his petition, therefore, are wholly unexhausted and are also subject to dismissal for that reason.[24]

Lastly, it does not appear that the petition states any claims for which federal habeas relief may be granted.  Grounds 1 and 2[25] challenge the sentences the trial court imposed under Nevada's deadly weapon enhancement statute.  The law generally holds that matters relating to state sentencing are not cognizable on federal habeas review.[26]  Ground 3 alleges that prison officials violated Samaniego's First Amendment right to access to courts by failing to timely log

---

[21] 28 U.S.C. § 2254(b)(1)(A).

[22] *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), holding modified by *Martinez v. Ryan*, 566 U.S. 1 (2012) (cleaned up).

[23] *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (a petitioner cannot achieve exhaustion through procedurally deficient or improper means).

[24] To satisfy exhaustion, the petitioner must have previously presented each claim to the Nevada appellate courts with references to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief.  *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002).

[25] ECF No. 6 at 3–4, 6.  While Samaniego refers to double jeopardy in ground 2, the gravamen of the claim is the same as ground 1: a challenge to the trial court's application of state law in imposing sentences under Nevada's weapon enhancement statute.

[26] *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing law does not justify federal habeas relief unless "fundamental unfairness" is shown).  *See also Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (finding that alleged errors in applying state sentencing law cannot form the basis for federal habeas relief).

his notice of appeal, which lead the Supreme Court of Nevada to dismiss his appeal of the denial of the motion to correct illegal sentence as untimely. While the allegations in ground 3 may implicate Samaniego's civil rights under 42 U.S.C. § 1983, this claim is not cognizable in federal habeas. A federal court may only consider a habeas petition that challenges a state-court conviction or sentence on federal constitutional grounds.[27] And when success on a claim would not necessarily lead to immediate or earlier release, the claim it is not cognizable in federal habeas.[28] The fact that Samaniego's claims appear also to not be subject to redress through the federal habeas process would thus supply a third reason for this petition to be dismissed.

### C. The district court denies a certificate of appealability.

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[29] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[30] Because reasonable jurists would not find this court's assessment of Samaniego's claims debatable or wrong, I decline to issue a certificate of appealability.

---

[27] 28 U.S.C. § 2254(a).

[28] *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

[29] 28 U.S.C. § 2253(c).

[30] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

**Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 12] is GRANTED, and this action is dismissed as time barred.**

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

The Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 25, 2025